UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-051 |
| | ) | |
| CFO JOE STEWART / | ) | |
| BARNES RESTAURANT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff David B. Gray filed this case alleging various claims related to the termination of his employment at a Savannah, Georgia restaurant. *See* doc. 1 at 3-12. Gray attempted to serve the Barnes Restaurant Defendant(s), who have specially appeared and moved to dismiss. *See* doc. 7. Gray's Complaint also names as defendants several employees of the United States Occupational Safety and Health Administration (OSHA). *See* doc. 1 at 2-3. The Clerk issued summonses addressed to OSHA defendants Westmoreland, Colon, and Mathis. Doc. 3 at 2-4. Gray subsequently filed a document he characterizes as a "proof of service." Doc. 8. He failed to respond timely to the Barnes Restaurant Defendants' Motion to Dismiss, but did file a belated response. *See* doc.

9. Moreover, his response is entirely lacking in substance; it simply reasserts the sufficiency of his Complaint. *See id.* at 1.

The pending Motion to Dismiss asserts multiple defects in Gray's prosecution of this case. *See generally* doc. 7-1. Among those defects is Gray's failure to properly serve the ambiguously named defendant or defendants. *See id.* at 11-13. Moreover, although his belated response to the Motion indicates that he "is awaiting proof of service / confirmation" from Defendant Westmoreland, doc. 9 at 1, he does not mention any attempt to serve Defendants Colon or Mathis or, if he has attempted to serve them, what steps he has taken in any such attempt, *see id.* Under the circumstances, the defects and uncertainties related to service must be addressed first.

Gray's original Complaint named "[J]oe Stewart CFO / Barnes Restaurant" as a defendant. *See* doc. 1 at 1-2. The summons issued, similarly, is addressed to "Joe Stewart / Barnes Restaurant." Doc. 3 at 1. The party who has specially appeared and filed the Motion identifies itself as "N.A. Barnes, Inc." *See* doc. 7 at 1. Given the ambiguity in the pleadings, the Court will refer to the specially appearing defendant as "Barnes Restaurant." The Motion points out several defects in Gray's

2

attempt to serve Barnes Restaurant. It points out that a copy of the Complaint and the summons was delivered, by United States Post Office certified mail, to Barnes Restaurant's "restaurant location," which is not its principal office address. *See* doc. 7-1 at 4-5. Most relevant here, Barnes Restaurant represents that "[t]he certified mailing is the only method by which [it] has received a copy of the Summons and Complaint." *Id.* at 5-6. Its Motion points out that certified mail is not an effective method for service. *Id.* at 12-13.

The Federal Rules of Civil Procedure do not authorize service upon corporations or entities by certified mail. *See* Fed. R. Civ. P. 4(h)(1)(B); *see also, e.g., Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4," and collecting cases); *Moore v. PNC Mortg., N.A.*, 2015 WL 1931403, at *1 (S.D. Ga. Apr. 28, 2015) (citing *Dyer v. Wal-Mart Stores, Inc.,* 318 F. App'x 843, 844 (11th Cir. 2009)) ("The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service." (internal quotations omitted)). The Rule also permits service "in the manner prescribed by Rule 4(e)(1)." Fed R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits plaintiffs to effect service

by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." *Id.* Since Gray provides a Savannah, Georgia address for the ambiguously identified defendant, *see, e.g.,* doc. 3 at 1, Georgia law applies. The Georgia Court of Appeals has explained that "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . ." *KMM Indus., Inc. v. Pro. Ass'n, Inc.*, 297 S.E. 2d 512, 513 (Ga. Ct. App. 1982); *see also, e.g., Cooley v. Ocwen Loan Serv., LLC*, 729 F. App'x 677, 682 (11th Cir. 2018) ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail."). Plaintiff has, therefore, not borne his burden to show that service has been properly effected. *See, e.g., Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.").

As Barnes Restaurant's Motion points out, "in the absence of valid service of process, the Court has broad discretion to either dismiss the

case or quash service but retain the case." Doc. 7-1 at 10 (citing *Thermo-Cell Se., Inc. v. Technetic Indus., Inc.*, 605 F. Supp. 1122, 1124 (N.D. Ga. 1985)). As a prominent treatise explains, "service generally will be quashed and the action preserved in those situations where there is a reasonable prospect that the plaintiff ultimately will be able to serve defendant properly." 5B Benjamin Spencer, *et al.*, Fed. Prac. & Proc. Civ. § 1354 (4th ed. June 2024). "When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service." *Id.* Given the assertion of claims against other defendants, who also appear not to have been served, the Court concludes that quashing the defective service and permitting further proceedings, as discussed below, is the most appropriate course of action. The Court, therefore, **GRANTS** Barnes Restaurant's Motion, to the extent that it seeks quashal under Rule 12(b)(5). Doc. 7, in part. The remaining arguments raised in that Motion are **DISMISSED**, with leave to refile, subject to Gray's compliance with this Order and effective service. Doc. 7, in part.

Although the Complaint, the summons, and Gray's response to Barnes Restaurant's Motion leave the identity of the defendant

5

ambiguous, it is clear that certified mail is equally ineffective if he intended to serve Stewart. The Federal Rules of Civil Procedure do not authorize service upon individual defendants by certified mail. *See* Fed. R. Civ. P. 4(e); *see also, e.g., Thorpe*, 788 F. App'x at 648 (11th Cir. 2019). As this Court has explained, under Georgia law, "it is clear that sending a complaint and summons by registered or certified mail, without more, does not constitute proper service on an individual." *Jolley v. Donovan*, 2011 WL 6400306, at *3 (S.D. Ga. Dec. 19, 2011) (citing O.C.G.A. § 9-11-4); *see also, e.g., Wright v. Walmart Incorporation*, 2020 WL 4938367, at *7 (N.D. Ga. Apr. 1, 2020). Thus, to the extent that Gray intended to name Stewart as a defendant, distinct from Barnes Restaurant, Stewart has not been effectively served.

Finally, Gray has failed to serve any of the OSHA defendants within the time limit imposed by Federal Rule 4(m). The Federal Rules do provide for service upon employees and officers of the United States by certified mail. *See* Fed. R. Civ. P. 4(i). However, even if the employee is sued only in his or her individual capacity, the Rule requires that the plaintiff also serve the United States by sending copies of the complaint and summons to the United States Attorney General and the United

6

States Attorney for the district where the action is brought. *See* Fed. R. Civ. P. 4(i)(1), (3). If an employee is sued in his or her individual capacity, the individual employee must also be served. *See* Fed. R. Civ. P. 4(i)(3). To the extent that service upon those individuals is governed by Rule 4(e), *see id.*, for the reasons discussed above, certified mail would not be an effective means of service.

To the extent that the Court can discern, therefore, no defendant in this action has been properly served. The Federal Rules impose a ninety-day time limit to effect service, *see* Fed. R. Civ. P. 4(m). If service is not perfected within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for failing to perfect service within the time period, "the court must extend the time for service for an appropriate period." *Id.* Plaintiff's ninety-day period ran out on June 10, 2024.[1] *See* doc. 1. Accordingly,

---

[1] Plaintiff filed his Complaint on March 11, 2024. *See* doc. 1. The ninetieth day after March 11 was Sunday, June 9, 2024. Accordingly, by operation of the Federal Rules, the deadline is automatically extended until Monday, June 10, 2024. Fed. R. Civ. P. 6(a)(1)(C).

7

Plaintiff is **DIRECTED** to respond and **SHOW CAUSE**, no later than June 26, 2024, why his case should not be dismissed for his failure to timely serve any defendant. Fed. R. Civ. P. 4(m). Gray is advised that failure to respond to this Order timely may result in dismissal of this case for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b).

    **SO ORDERED,** this 12th day of June, 2024.

                                              _____
                                              CHRISTOPHER L. RAY
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA