UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID B. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-051 |
| | ) | |
| CFO JOE STEWART / BARNES RESTAURANT, *et al.*, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff David B. Gray filed this case alleging various claims related to the termination of his employment at Barnes Restaurant in Savannah, Georgia. *See* doc. 1 at 3-12. After he attempted to serve several of the defendants, one of them appeared and moved to quash service and to dismiss on multiple grounds. *See* doc. 7. The Court granted the motion, to the extent that it sought quashal, and directed Gray to show cause why he had apparently not effectively served any of the defendants within the ninety-day deadline imposed by the Federal Rules. *See generally* doc. 10. Barnes has responded to that Order. *See* doc. 11. For the reasons explained below, his Complaint should be

1

**DISMISSED, without prejudice,** for his failure to timely serve defendants.

Rule 4(m) requires the Court to dismiss a case for failure to timely serve unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). The only explanation that Gray provides for his failure to timely serve any defendant is his confusion concerning the proper procedure for service. *See* doc. 11 at 1 ("The plaintiff actually thought he had properly served the defendants involved."). A plaintiff's confusion concerning his obligation to effect service is not "good cause" to extend the deadline under Rule 4(m). *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also, e.g., Grant-Hamm-Gray v. Internal Revenue Serv.*, 2018 WL 11446860, at *4 (N.D. Ga. Nov. 13, 2018) ("Plaintiff's lack of knowledge regarding the proper methods for service does not constitute

good cause for her failure to timely serve Defendants," and collecting cases); *Daker v. Donald*, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008) ("[V]irtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)[ ]"). Therefore, Gray has not shown good cause to extend Rule 4(m)'s deadline.

Even in the absence of good cause, however, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. *Lepone-Dempsey*, relying upon the Advisory Committee's note to Rule 4(m), identified a non-exhaustive list of circumstances that might warrant extension in the absence of good cause. *Id.* ("Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"). After a review of Gray's Complaint and the pleadings in this case, the Court cannot discern any "other circumstances" that would warrant an extension. *Cf.* doc. 7-1 at 13-20.

Accordingly, Gray's Complaint should be **DISMISSED**, pursuant to Rule 4(m).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA